Merrill Schneider, OSB #77336
merrillschneider@schneiderlaw.com
Schneider Kerr Law Offices
P.O. Box 14490
Portland, Oregon 97293
Phone: 503-255-9092
Fax: 503-255-9145

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| JOSHUA DAVIDWAYNE STRONG,<br> Plaintiff, | Case No. 3:12-cv-02046-HZ |
| vs. | Plaintiff's Opening Brief |
| CAROLYN W. COLVIN,<br>Acting Commissioner, Social Security<br>Administration,<br>Defendant | |

## STATEMENT OF THE CASE

This action is brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final

decision of the Commissioner of Social Security (Defendant) denying Plaintiff Joshua Strong's

application for Child Insurance Benefits based on disability and his application of Supplemental

Security Income pursuant to the Social Security Act.

## PROCEDURAL HISTORY

Plaintiff Joshua Strong filed an application of child's insurance benefits and supplemental

security income on March 27, 2009, alleging disability since April 9, 1990, his date of birth.  Tr.

128, 131.  Plaintiff's claims were denied initially on August 11, 2009, and upon reconsideration

on May 6, 2010.  Tr. 84-87.  Plaintiff filed a timely request for a hearing on May 25, 2010.  Tr.

111.  Plaintiff appeared and testified at a hearing in Portland, Oregon, on April 6, 2011, before

Administrative Law Judge John Bauer.  Tr. 33.  On April 11, 2011, ALJ Bauer issued a decision

PLAINTIFF'S OPENING BRIEF - 1

finding that Plaintiff was not under a disability, as defined in the Social Security Act, from April

9, 1990, through April 11, 2011, the date of his decision. Tr. 28. Plaintiff timely requested

review of the ALJ's decision on June 3, 2011 at the Appeals Council. Tr. 12. On September 13,

2012, the Appeals Council issued an order denying Plaintiff's request for review making the

ALJ's April 11, 2011, decision the final administrative decision of the Commissioner of Social

Security in this case. Tr. 8.

## STATEMENT OF FACTS

Plaintiff was born on April 9, 1990 and was 18 years old at the time of his initial

application for benefits. Tr. 84-85. Plaintiff was in special education classes from first grade

through eighth grade. Tr. 67. In 1998, when Plaintiff was eight years old, he was given the

Wechsler Intelligence Scale for Children – Third Edition. He tested with a verbal IQ of 78, a

Performance IQ of 63, and Full Scale IQ of 68. Tr. 321. Both Plaintiff's Performance score and

his Full Scale score were noted as falling within the "mentally deficient" range. *Id.* In the ninth

grade, the last grade he completed, Plaintiff's grade point average was 1.18. Tr. 190. Plaintiff

continues to live with his parents. Tr. 68. Plaintiff has only ever performed low skilled work,

none of which has reached the level of substantial gainful activity. Tr. 80. Plaintiff has not had a

psychological evaluation since the age of 8. *Supra.* At Plaintiff's hearing, his attorney requested

that Plaintiff be sent to a psychological examination especially in light of the fact that the

majority of Plaintiff's complaints were mental. Tr. 71. The ALJ did not order a psychological

examination of Plaintiff. The ALJ did acknowledge that the record did not contain Plaintiff's

school records when he had been denied in his initial and reconsideration applications, or when

his case was reviewed by State Disability doctors.

PLAINTIFF'S OPENING BRIEF - 2

Plaintiff also carries diagnoses of Attention Deficit Hyperactivity Disorder (Tr. 396),

Asthma (Tr.550), Bulimia (Tr. 864), and Diverticulitis (Tr. 894).

## THE ALJ'S FINDINGS

The definition of disability and the five-step sequential analysis of disability is set forth in

42 U.S.C. §423(a)(1)(D), 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. §

404.1520 (b)-(f), 416.920(b)-(f).   Each step is potentially dispositive. The claimant and the ALJ

share the burden at steps one through four. At step five, the burden shifts to the agency. *Tackett*

*v. Apfel*, 180 F.3d 1094, 1098 FN 3 (9th Cir. 1999).

At step one of the sequential analysis, the ALJ determined that Plaintiff had not engaged

in substantial gainful activity from the alleged onset date through the date of the decision. Tr. 21.

At step two, the ALJ found that Plaintiff suffers from the following severe impairments: learning

disorder NOS and asthma. *Id*. The ALJ concluded that Plaintiff's depression, eating disorder, and

were not severe medically determinable impairments. Tr. 22.  At step three, the ALJ determined

that Plaintiff's impairments did not meet or medically equal one of the listed impairments in 20

C.F.R. Part 404, Subpart P, App. 1.  The ALJ evaluated Plaintiff's impairments under Listing

12.02 for Organic Mental Disorder and under Section 4.00 of the Listings for Plaintiff's Asthma.

Tr. 23.  The ALJ did not evaluate Plaintiff under Listing 12.05, or in particular 12.05C.

Between steps three and four, the ALJ found that Plaintiff had the residual functional

capacity (RFC) to perform medium work, except that Plaintiff should avoid exposure to

excessive fumes, dusts and gases, and he should be limited to entry level jobs requiring no more

than the performance of simple, routine tasks.  Tr. 24.  At step four, the ALJ concluded that

Plaintiff has no past relevant.  Tr. 27.  At step five, the ALJ found that with Plaintiff's residual

functional capacity, there are jobs in the national economy for which Plaintiff can perform.  Tr.

27-28.  Finally, the ALJ concluded that Plaintiff had not been under a disability April 9, 1990,

through the date of the decision. Tr. 28.

## STANDARD OF REVIEW

This court may set aside a denial of Social Security benefits when the agency's findings

are based on legal error or are not supported by substantial evidence in the record as a whole.

*Desrosiers v. Sec'y of Health & Human Serv.*, 846 F.2d 573, 575–76 (9th Cir. 1988) (*citing*

*Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). The Court reviews the record as a

whole and may not affirm the Commissioner's decision simply by isolating a specific quantum

of supporting evidence. *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006).  A

decision supported by substantial evidence must be set aside if the Commissioner did not apply

the proper legal standards in weighing the evidence and making the decision. *Reddick v. Chater,*

157 F.3d 715, 720 (9th Cir. 1998). When reviewing an agency's decision, this court "must judge

the propriety of such action solely by the grounds invoked by the agency." *See Sec. and Exch.*

*Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947). For the following reasons, the

Administrative Law Judge's decision was neither supported by substantial evidence nor free

from legal error and should be reversed.

## ISSUE STATEMENT

1.      Whether the ALJ erred by failing to find that Plaintiff met Listing 12.05C or its
equivalent severity when Plaintiff has deficits in adaptive functioning, a valid IQ score
below 70, and other severe impairments.

2.      Whether the ALJ failed to meet his burden to fully develop the record when the
record was inadequate to allow for proper evaluation of the evidence under 12.05C and
Plaintiff's other mental impairments.

## ARGUMENT

PLAINTIFF'S OPENING BRIEF - 4

**I.      The ALJ erred in failing to find that Plaintiff meets listing 12.05C or its equivalent severity.**

At step three of the sequential analysis, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  If it does, and the claimant's impairment meets the duration requirement, he will be found disabled without further inquiry. *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).  When all the requirements of a listing are met, the described condition is irrebuttably presumed disabling. *Key v. Heckler,* 754 F.2d 1545, 1550 (9th Cir.1985); 20 C.F.R. § 404.1520(d).  In this case, the ALJ determined that Plaintiff was not disabled at step three because his impairments do not meet or equal any Listed Impairments.  The ALJ, however, did not specifically address Listing 12.05C.  Listing 12.05C provides:

> 12.05C Mental Retardation:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
>
> 1.  The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> 20 C.F.R. pt. 404, subpt. P, app.1.

The Federal District Court in Oregon recently summarized the test for whether a social security claimant meets Listing 12.05C:

> Plaintiff is required to demonstrate the following: (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before age 22; (2) a valid verbal, performance, or full scale IQ of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function.

*Pedro v. Astrue,* 849 F. Supp.2d 1006, 1011 (2011).  Plaintiff meets all three requirements of Listing 12.05C.

### A.  Onset Prior to Age 22

To satisfy the first prong of Listing 12.05C, a plaintiff must demonstrate "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset before age 22."  Listing 12.05C.  A plaintiff, moreover, is not required to show clinical or IQ tests to satisfy this prong.  *Lewis v. Astrue,* No. C06-6608SI, 2008 WL 191415, *7 (N.D.Cal Jan. 22, 2008).   A plaintiff may use circumstantial evidence to demonstrate adaptive functioning deficits, such as "attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history.*" Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1012 (D. Or. 2011) (*citing Campell v. Astrue,* No. 1:09-CV-00465GSA, 2011 WL 444783, *17 (E.D.Cal. Feb. 8, 2011)).

In this case, the record shows that Plaintiff's deficits in adaptive functioning manifested during his developmental period.  Plaintiff was in special education classes from first grade through eighth grade.  Tr. 67.  In the ninth grade, the last grade he completed, Plaintiff's grade point average was 1.18.  Tr. 190.  Plaintiff continues to live with his parents.  Tr. 68.  Plaintiff has only ever performed low skilled work, none of which has reached the level of substantial

gainful activity.  Tr. 80.  Accordingly, Plaintiff has met his burden under the first prong of Listing 12.05C.

### B.  Valid IQ Scores

To satisfy the second prong of Listing 12.05C, a plaintiff must demonstrate that he has "a valid verbal, performance, or full scale IQ of 60 through 70." Listing 12.05C.  The regulations further provide that, "[i]n cases where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(c).

In this case, Plaintiff was given the Wechsler Intelligence Scale for Children – Third Edition in 1998 when he was 8 years old.  He tested with a verbal IQ of 78, a Performance IQ of 63, and Full Scale IQ of 68.  Tr. 321.  Both Plaintiff's Performance score and his Full Scale score were noted as falling within the "mentally deficient" range.  *Id*.

### C.  An Additional and Significant Work-Related Limitation of Function

To satisfy the third prong of Listing 12.05C, a plaintiff must demonstrate that he has a physical or other mental impairment imposing an additional and significant work-related limitation of function.  Listing 12.05.  The Ninth Circuit explained in *Fanning v. Bowen,* that "an impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal."  827 F.2d 631, 634 (1987).  Thus, "a person who has a severe physical or other mental impairment, as defined at step two of the disability analysis, apart from the decreased intellectual function, meets the second prong of the § 12.05C listing." *Clark v. Astrue*, CIV S-10-2863 GGH, 2012 WL 423635 (E.D. Cal. Feb. 8, 2012)*; see also Hinkle v. Apfel,* 132 F.3d 1349, 1352 (10th

Cir.1997); *Edwards v. Heckler,* 736 F.2d 625, 629–31 (11th Cir.1984); *Nieves v. Secretary of Health & Human Servs.,* 775 F.2d 12, 14 & n. 7 (1st Cir.1985)).  Furthermore, whether the other severe impairment actually prevents a plaintiff from performing his past work is irrelevant to a prong three analysis under section 12.05C.  *Fanning,* 827 F.2d at 634.

In this case, the ALJ found that Plaintiff's asthma was severe.  Tr.  21.  Accordingly, Plaintiff meets prong three of section 12.05C because he has "a physical or other mental impairment" that imposes additional and significant work-related limitations or functions.

**II.**     The ALJ failed to meet his burden to fully develop the record when the record was inadequate to allow for proper evaluation of the evidence under 12.05C and Plaintiff's other mental impairments.

The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however, is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

At Plaintiff's hearing, his attorney requested that Plaintiff be sent to a psychological examination especially in light of the fact that the majority of Plaintiff's complaints were mental and in light of his low IQ score from his school records.  Tr. 71.  The ALJ acknowledged that the record did not contain Plaintiff's intellectual testing records from Portland Public Schools when he had been evaluated at his initial application and his reconsideration application.  Tr. 71.  The ALJ did not order a psychological examination of Plaintiff.  In the ALJ's decision he did consider Plaintiff's low IQ score at step two.  He explained, "[u]nfortunately, November 2001 was the last intellectual assessment the claimant received…Considering this evidence in the light most favorable to the claimant, it is determined the claimant has a history of intellectual deficit

PLAINTIFF'S OPENING BRIEF - 8

consistent with a learning disorder NOS; however, it appears this condition improved as indicated by testimony revealing cessation of special education in favor of normal courses." Tr. 22. This is an erroneous conclusion that is not supported by *any* evidence in the record. As explained above, Mr. Strong did not have special education in 9th grade and received failing grades. Tr. 190. The next year, he dropped out. *Id.*

Additionally, the State Disability Examiners who gave opinions about Plaintiff's mental limitations did not have all the medical evidence. Dorothy Anderson, Ph.D., noted that there was insufficient evidence to determine the severity of Plaintiff's mental impairments. Tr. 896. Joshua Boyd, Psy.D., determined that Plaintiff did not have a severe mental impairment and opined that he had no limitations on concentration, persistence or pace. Tr. 1026. Neither of these examiners, however, had Plaintiff's records from school with his intelligence testing. Tr. 26. Given the fact that Plaintiff was 18 at his alleged onset date and involved in special education, his school records would be a critical piece of the record for the agency to consider. The ALJ gave no reason for refusing counsel's request for a psychological examination. Instead, the ALJ determined Plaintiff's mental residual functional capacity based on his own interpretation of that evidence and with *no* medical doctor or psychologist's opinion. The ALJ has erred by not fully and fairly developing the record and has deprived Plaintiff a fair adjudication on the merits of his case.

## CONCLUSION

The Defendant's decision to deny Plaintiff's Child Disability Benefits and his Supplemental Security Income benefits contains errors of law and is not supported by substantial evidence. The ALJ failed to evaluate Plaintiff under the Listing 12.05C for mental retardation and the objective evidence in this case clearly establishes that Plaintiff meets this listing.

PLAINTIFF'S OPENING BRIEF - 9

Plaintiff has subaverage functioning demonstrated by school records, a valid IQ under 70, and other severe physical and mental impairments.  The ALJ further erred by failing to meet his duty to fully develop the record when the record was clearly inadequate to make mental RFC findings.

For these reasons, the ALJ's decision should be reversed and Plaintiff should be found disabled as of April 9, 1990, and continuing through the present.  Because further administrative proceedings would unnecessarily delay much needed benefits, and the evidence of record establishes Plaintiff's disability, a remand for an award of benefits is requested.  *Benecke v. Barnhart,* 379 F.3d 587, 596 (9th Cir. 2004).  Alternatively, this case should be remanded to the Secretary for a fair and thorough evaluation of Plaintiff Joshua Strong's disability and especially to order a full psychological intellectual assessment.

Submitted this 31st day of May, 2013.

/s/Merrill Schneider
MERRILL SCHNEIDER
OSB #77336
(503) 255-9092
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Opening Brief was filed with the Clerk of the Court on November 7, 2012 using the CM/ECF system which will send notification of such filing to the following: Adrian L. Brown, and Gerald J. Hill.

/s/ Merrill Schneider
Attorney for Plaintiff

PLAINTIFF'S OPENING BRIEF - 10