IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA STRONG,

                      Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.

No. 3:12-cv-02046-HZ

OPINION & ORDER

Merrill Schneider
SCHNEIDER KERR LAW OFFICES
PO Box 14490
Portland, OR 97293

      Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Lars J. Nelson
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Joshua Davidwayne Strong brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security (the "Commissioner").  The Commissioner determined Plaintiff was not disabled and denied his application for child insurance benefits and Supplemental Security Income benefits ("SSIB") under Titles II and XVI of the Act, respectively.  For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## PROCEDURAL BACKGROUND

      Plaintiff was born on April 9, 1990.  Tr. 128.  He protectively filed for child insurance benefits on March 26, 2009, and for SSIB on March 27, 2009, alleging a disability onset date of April 9, 1990.  Tr. 84, 85, 128.  Plaintiff's claims were initially denied on August 11, 2009, and upon reconsideration on May 6, 2010.  Tr. 94–101, 104–08.  A hearing was held on April 6, 2011, in Portland, Oregon, before Administrative Law Judge ("ALJ") John Bauer.  Tr. 62.  On April 11, 2011, the ALJ found Plaintiff was not disabled.  Tr. 27.  Plaintiff requested a review of the ALJ's decision, but the Appeals Council issued an order denying Plaintiff's request for review on September 13, 2012.  Tr. 1–3, 14.  This appeal followed.

## FACTUAL BACKGROUND

      The parties are familiar with the medical evidence and other evidence in the record. Therefore, the evidence will not be repeated except as necessary to explain my decision.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Child insurance benefits are available to children of people who are deceased or who are drawing Social Security disability or retirement benefits if the child became disabled before age 22. 42 U.S.C. § 402(d). Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id. In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140–41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141. In step four, the Commissioner determines whether the claimant, despite any impairments, has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If so, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at

141–42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his

burden and proves that the claimant is able to perform other work which exists in the national

economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one of the sequential proceedings, the ALJ found Plaintiff had not engaged in

substantial gainful activity since April 9, 1990, Plaintiff's alleged onset date.  Tr. 20, Finding 2.

At step two, the ALJ found Plaintiff had "the following severe impairments: learning disorder

NOS and asthma[.]"  Id., Finding 3.  At step three, the ALJ found Plaintiff's impairments did not

meet or equal the requirements of a listed impairment pursuant to 20 C.F.R. Part 404, Subpart P,

Appendix 1.  Tr. 22, Finding 4.  At step four, the ALJ determined that Plaintiff had "the residual

functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c);

however, he should avoid exposure to excessive fumes, dusts and gases, and he should be limited

to entry level jobs requiring no more than the performance of simple, routine tasks."  Tr. 23,

Finding 5.  At step five, the ALJ found Plaintiff was not disabled because he was "capable of

making a successful adjustment to other work that exists in significant numbers in the national

economy[,]" including the representative occupations of merchandise marker, courier, and hand

packager as set forth under the Dictionary of Occupational Titles.  Tr. 26–27, Findings 10–11.

## STANDARD OF REVIEW

A court must affirm the Commissioner's decision if it is based on proper legal standards

and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879

F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).  The record as

a whole, including both the evidence that supports and detracts from the Commissioner's

conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th

Cir. 1986).  "Where the evidence as a whole can support either a grant or a denial, [a court] may

not substitute [its] judgment for the ALJ's."  Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir.

2007) (citation omitted).  The initial burden of proof rests upon the claimant to establish

disability.  Howard, 782 F.2d at 1486.  To meet this burden, the claimant must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected . . . to last for a continuous period of not

less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

## DISCUSSION

Plaintiff contends that (1) the ALJ erred when finding that he did not meet or equal a

listed impairment at step three; and (2) the ALJ failed to meet his burden to develop the record.

Based on these alleged errors, Plaintiff requests that the ALJ's decision be reversed and this case

be remanded for the immediate award of benefits or, in the alternative, for additional

proceedings.  For the reasons below, I conclude that the ALJ did not err and therefore, I affirm

the ALJ's decision.

## I. Listing 12.05C

At step three, the ALJ found that Plaintiff "does not have an impairment or combination

of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404,

Subpart P, Appendix 1[,]" and specifically analyzed whether Plaintiff's impairments met "the

criteria of listing 12.02."  Tr. 22, Finding 4.  Plaintiff does not dispute the ALJ's finding.  Rather,

Plaintiff contends that the ALJ should have analyzed whether his impairments met or equaled

listing 12.05, contending that the record shows that he met or equaled listing 12.05C.  Plaintiff's

argument fails.

"It is unnecessary to require the Secretary, as a matter of law, to state why a claimant

failed to satisfy every different section of the listing of impairments."  Gonzalez v. Sullivan, 914

F.2d 1197, 1201 (9th Cir. 1990).  An ALJ "is not required to discuss the combined effects of a

claimant's impairments or compare them to any listing in an equivalency determination, unless

the claimant presents evidence in an effort to establish equivalence."  Burch v. Barnhart, 400

F.3d 676, 683 (9th Cir. 2005).  The claimant must offer a "theory, plausible or otherwise," as to

how his impairments combine to equal a listed impairment.  See Lewis v. Apfel, 236 F.3d 503,

514 (9th Cir. 2001); see also Freeman v. Astrue, Civil No. 3:11-cv-00401-JE, 2012 WL

4829191, at *9 (D. Or. 2012) ("Where a claimant has not presented the ALJ a plausible theory as

to how an impairment equals a listing, the ALJ is not required to provide an extensive discussion

of equivalency.").

Listing 12.05C addresses "Intellectual disability."  20 C.F.R. Part 404, Subpt. P, App. 1,

§ 12.05C.  To satisfy listing 12.05C, a claimant must demonstrate onset of his intellectual

impairment "before age 22" and must provide evidence of a "valid verbal, performance, or full

scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and

significant work-related limitation of function[.]"  Id.  "In cases where more than one IQ is

customarily derived from the test administered, e.g., where verbal, performance, and full scale

IQs are provided in the Wechsler series, we use the lowest of these in conjunction with

12.05."  Id. § 12.00(D)(6)(c).

Here, the record contains two Wechsler Intelligence Scale for Children III ("WISC III")

tests, one from 1998 and one from 2001.  Tr. 20–21, 277–82, 320–23.  In Plaintiff's 1998 WISC

III test, Plaintiff scored a 78 on the Verbal Scale IQ, a 63 on the Performance Scale IQ, and a 68 on the Full Scale IQ.  Tr. 321.  In his 2001 WISC III test, however, Plaintiff received a Verbal Scale IQ of 78, a Performance IQ of 86 and a Full Scale IQ of 80.  Tr. 278.  The ALJ expressly relied on Plaintiff's more recent 2001 WISC III test scores, which he found "reflected an increase in performance abilities from similar testing administered in [Plaintiff's 1998 WISC III test scores] . . . ."  Tr. 20.  Although Plaintiff's 1998 Full Scale IQ score of 68 fell below 70, as required under listing 12.05C, his more recent 2001 WISC III test scores all exceeded 70.  Because Plaintiff's more recent 2001 WISC III test scores exceeded 70, Plaintiff fails to offer a theory, plausible or otherwise, establishing that his impairments met or equaled listing 12.05C.  See Beisel v. Colvin, 2013 WL 4095204, No. 3:12-cv-00623-AC, at *4 (D. Or. 2013) (concluding that claimant's "most recent IQ score" is "highly probative").  Because Plaintiff fails to meet his burden of establishing that his impairments met or equaled listing 12.05C, the ALJ's decision is sustained.

**II. Duty to Develop the Record**

Plaintiff argues that the ALJ committed reversible error when he failed to develop the record, which Plaintiff contends precluded the ALJ from properly evaluating whether he satisfied listing 12.05C.  Specifically, Plaintiff asserts that the ALJ failed to develop the record by not ordering a psychological evaluation as requested by Plaintiff's then-attorney, Kevin Kerr, at his April 6, 2011, hearing.  Plaintiff also asserts that the ALJ failed to develop the record because his school records were not available when the State Disability Examiners reviewed his records.

Plaintiff's arguments are unconvincing.  "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  Mayes v. Massanari, 276 F.3d 453, 459–60 (9th Cir. 2001)

7 - OPINION & ORDER

(citation omitted).  The circumstances here do not establish that the evidence is ambiguous or

that the record was inadequate.  Plaintiff does not articulate how the ALJ's decision to not order

a psychological evaluation or how the State Disability Examiners' failure to consider his school

documents when reviewing his records establish that the record is ambiguous or inadequate.

Indeed, Plaintiff cites no authority–and I find none–establishing that under the circumstances

here, the record is ambiguous or so inadequate that the ALJ could not properly evaluate whether

Plaintiff met listing 12.05C.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED pursuant to

sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Dated this ___27___ day of ___Oct___, 2013.


_____
MARCO A. HERNANDEZ
United States District Judge